UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLLY A. ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 18-CV-06532-LHK<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 23 |

Plaintiff Holly Armstrong, a certified public accountant, brings suit against the United States ("government") challenging Internal Revenue Service ("IRS") penalties assessed against her for aiding and abetting others to understate their tax liabilities. Plaintiff claims that the IRS penalty assessments are time barred by a statute of limitations. Before the Court is the government's partial motion to dismiss one paragraph of Plaintiff's complaint, a paragraph which alleges that the IRS penalty assessments are time barred by a statute of limitations. Having considered the filings of the parties, the relevant law, and the record in this case, the Court GRANTS with prejudice the government's partial motion to dismiss.

## I. BACKGROUND

### A. Factual Background

1

Plaintiff is a certified public accountant. ECF No. 1 ("Compl.") at ¶ 10. From 1999 to 2003, Plaintiff's clients participated in two of Plaintiff's tax plans, one called the Income Stabilization Plan and the other named the Private Annuity Program. *Id.* at ¶¶ 10-11. Plaintiff alleges that the Income Stabilization Plan "involved the installment sale of compensation to be earned by the future performance of services." ECF No. 1-7 at 4.[1] Plaintiff also alleges that the Private Annuity Program "would enable . . . clients to dispose of negative basis property and spread their resultant tax liabilities over a number of years, rather than require them to pay the total tax in the year of disposition." *Id.* at 6. Plaintiff was involved in the original design of both the Income Stabilization Plan and the Private Annuity Program, and advised clients on each plan. *Id.* at 4, 6; Compl. at ¶ 11.

On October 7, 2013 and October 14, 2013, Plaintiff alleges that the IRS "imposed Internal Revenue Code . . . Section 6701 penalty tax assessments" against Plaintiff. Compl. at ¶ 5. In general terms, under 26 U.S.C. § 6701,[2] the IRS may assess penalties against people who aid or assist in the understatement of the tax liability of others. Here, the IRS assessed a total of $337,000 in § 6701 penalties against Plaintiff for her clients' understatement of taxes occurring between 1999 and 2003. *Id.* at ¶ 6. The assessed penalties are divisible into two groups, one group comprising those individuals and corporations participating in the Income Stabilization Plan, and the other group comprising those individuals and corporations participating in the Private Annuity Program. ECF No. 1-7 at 4.

Thus far, Plaintiff has paid to the IRS $11,500 in satisfaction of part of her § 6701 penalty. Compl. at ¶ 13. The IRS has also collected additional money from Plaintiff by way of levy, but Plaintiff is not certain of the amount that been collected. *Id.* at ¶ 14.

**B. Procedural History**

On October 26, 2018, Plaintiff filed a complaint against the government. ECF No. 1. Per

---

[1] In citing to exhibits attached to Plaintiff's complaint (ECF Nos. 1-1 through 1-12), the Court refers to the ECF-generated pagination of the documents because not all of the documents are consecutively paginated.

[2] Title 26 of the United States Code is also known as the Internal Revenue Code, or "IRC."

the complaint, Plaintiff brings suit to: recover the $11,500 she has already paid to the IRS plus interest and costs of suit; recover the amount the IRS collected by levy; and abate all penalties and interest assessments arising from the IRS's October 7, 2013 and October 14, 2013 imposition of § 6701 penalties. *Id.* at ¶¶ A-C.

On March 14, 2019, the government filed its partial motion to dismiss. ECF No. 23 ("Mot."). On March 28, 2019, Plaintiff filed an opposition. ECF No. 28 ("Opp."). On April 4, 2019, the government filed a reply. ECF No. 29 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

3

curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

The government moves to dismiss only one paragraph of Plaintiff's complaint. Mot. at 2. Specifically, the government moves to dismiss paragraph 16, which states: "Assessment of all penalties for 1999, 2000, 2001, 2002, and 2003 as set forth in Exhibits A, B, C, D and E, respectively, is barred by the statute of limitations." Compl. at ¶ 16. In particular, the government focuses on Plaintiff's assertion that the IRS's assessment of § 6701 penalties is subject to a five-year statute of limitations under 28 U.S.C. § 2462.

The government advances two arguments in support of its contention that assessment of the § 6701 penalties is not subject to the statute of limitations under § 2462. First, the government argues that § 6701 is part of a congressionally-crafted statutory framework that allows for unlimited time to *assess* § 6701 penalties and ten years to *collect* the penalties assessed. Second,

4

Case No. 18-CV-06532-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE

the government contends that because Congress has not unequivocally imposed a statute of limitations on the assessment of § 6701 penalties, there is no statute of limitations on the assessment of § 6701 penalties. The Court addresses each argument in turn.

### A. Whether the Statutory Framework of § 6701 Allows for an Unlimited Time to Assess § 6701 Penalties and 10 Years to Collect § 6701 Penalties

First, the Court discusses the statutory and regulatory framework for assessing § 6701 penalties. Second, the Court turns to case law holding that the statute of limitations in § 2462 is inapplicable to the assessment of § 6701 penalties. Lastly, the Court discusses the rationale behind why § 2462 does not apply here.

#### 1. Statutory Framework to Assessing § 6701 Penalties

Under 26 U.S.C. § 6701, a penalty may be imposed on a person "who aids or assists in, procedures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document" if that person "knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and . . . knows that such portion (if so used) would result in an understatement of the liability for tax of another person." There is no statute that explicitly states that *assessment* of the § 6701 penalty is subject to a statute of limitations, a point Plaintiff concedes as well. *See, e.g.*, *Mullikin v. United States*, 952 F.2d 920, 928 (6th Cir. 1991), *cert. denied*, 506 U.S. 827 (1992) (noting "the absence of an express limitations period" for § 6701 penalties); Opp. at 7 ("[T]here is simply no provision in the Internal Revenue Code related to when § 6701 assessments may be made.").

Once the § 6701 penalty has been assessed, 26 U.S.C. § 6671 states that the penalty can be "collected in the same manner as taxes" through administrative or judicial proceedings. The government admits that for IRS actions to *collect* on an already-assessed § 6701 penalty, the IRS *is* subject to a statute of limitations of 10 years. *See* 26 U.S.C. § 6502(a)(1).

Here, the government argues that because there is no statute of limitations period for the *assessment* of § 6701 penalties, the IRS timely assessed § 6701 penalties against Plaintiff for violating § 6701 between 1999 and 2003. Reply at 3. On the other hand, Plaintiff argues that

5

Case No. 18-CV-06532-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE

although the assessment of § 6701 penalties does not have its own statute of limitations, there is a "catch-all" statute of limitations under 28 U.S.C. § 2462 that applies to the assessment of § 6701 penalties. Opp. at 8. 28 U.S.C. § 2462 states:

> Except as otherwise provided by Act of Congress, an action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued . . . .

However, the Court finds the government's arguments more persuasive. Specifically, the Court finds, consistent with the body of case law on this issue, that the catch-all statute of limitations under 28 U.S.C. § 2462 does not apply to the assessment of § 6701 penalties.

### 2. Case Law Holding that § 2462 is Inapplicable to the Assessment of § 6701 Penalties

Thus far, three United States Circuit Courts of Appeals—the District of Columbia, Sixth, and Eighth Circuits—have addressed the applicability of the catch-all statute of limitations under 28 U.S.C. § 2462 to the assessment of § 6701 penalties, and all three Circuits have held that § 2462 does not apply to the assessment of § 6701 penalties. In the Sixth Circuit's decision in *Mullikin*, the court stated that "Congress did not intend that the statute of limitations contained in Section 2462 apply to the assessment of penalties pursuant to Section 6701." 952 F.2d at 928. Similarly, the District of Columbia Circuit stated that "it was the intent of Congress in enacting Section 6701 that there be no statute of limitations governing the assessment of penalties." *Nat'l Mining Ass'n v. United States Dep't of Interior*, 177 F.3d 1, 8 (D.C. Cir. 1999). Moreover, the Eighth Circuit held that "the District Court erred in applying section 2462 to assessments made under . . . [section] 6701." *Lamb v. United States*, 977 F.2d 1296, 1297 (8th Cir. 1992). Plaintiff fails to cite, and this Court has failed to find, any other United States Circuit Court of Appeals opinion that has deviated from the above precedents by applying § 2462 to the assessment of § 6701 penalties.

Additionally, in *In re Mitchell*, the Ninth Circuit stated that "we agree with [*Mullikin*'s]" analysis of § 6701, including the part of *Mullikin* which held that the statute of limitations under §

6

Case No. 18-CV-06532-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE

2462 does not apply to § 6701. 977 F.2d 1318, 1321 (9th Cir. 1992). Moreover, district courts within the Ninth Circuit have uniformly rejected the notion that § 2462 applies to the assessment of § 6701 penalties. *See Hargrove & Costanzo v. United States*, 2008 WL 4133928, at *14 (E.D. Cal. Sept. 4, 2008) ("[T]he catch all provisions 28 U.S.C. § 2462 does not apply."); *Reiserer v. United States*, 2005 WL 1667751, at *2 (W.D. Wash. July 15, 2005) ("[T]here is no statute of limitations governing the assessment of penalties."). In fact, neither Plaintiff nor this Court has found a single district court opinion applying § 2462's statute of limitations to the assessment of § 6701 penalties. All district court opinions have been consistent with *Mullikin*, *Nat'l Mining Ass'n*, and *Lamb*. *See, e.g.*, *United States v. Ogbazion*, 2013 WL 1721151, at *5 (S.D. Ohio Apr. 22, 2013) ("[T]here is no statute of limitations under § 6701 . . . ."); *Kraye v. United States*, 1992 WL 439753, at *2 (D.N.M. Nov. 4, 1992) ("[N]o statute of limitations period is applicable to § 6701 penalties.").

It is highly persuasive that the District of Columbia, Sixth, and Eighth Circuits have declined to apply § 2462's statute of limitations to § 6701, that the Ninth Circuit agrees with the Sixth Circuit, and there is no contrary case law.

**3. Rationale Behind why § 2462 is Inapplicable to the Assessment of § 6701 Penalties**

In addition, the Court is persuaded by the government's argument that § 2462's statutory language states that the statute of limitations in § 2462 only applies to an "action, suit, or proceeding," but the assessment of § 6701 penalties is not an action, suit, or proceeding.

For instance, an "action" is defined as "the formal and ordinary means by which parties seek legal and/or equitable relief before a court of law through the filing of a formal complaint, triggering the full array of legal, procedural, and evidentiary rules governing the process by which a court adjudicates the merits of a dispute." *S.E.C. v. McCarthy*, 322 F.3d 650, 657 (9th Cir. 2003). In addition, a "suit" is defined as "any proceeding by one person or persons against another or others in a court of justice." *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). Moreover, a "proceeding" must "implicate some adversarial adjudication, be it administrative or judicial." *Capozzi v. United States*, 980 F.2d 872, 874 (2d Cir. 1992).

7

However, the IRS's assessment of § 6701 penalties is not an action, suit, or proceeding. Assessments of § 6701 penalties are *ex parte* acts. An assessment occurs when an assessment officer signs a "summary record of assessment," which "shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." 26 C.F.R. § 301.6203-1; *see also Capozzi*, 980 F.2d at 874 ("An *assessment* of a penalty (or tax), however, is an *ex parte* act. It is merely the determination of the amount of the penalty and the official recording of the liability.").

There is no adversarial component—required of an action, suit, or proceeding—to assessing § 6701 penalties. Specifically, there is no formal complaint or the triggering of the "full array of legal, procedural, and evidentiary rules" as in an "action." *McCarthy*, 322 F.3d at 657. There is no proceeding in a "court of justice" as in a "suit." *TNT Marketing*, 796 F.2d at 278. There is no adversarial adjudication, as in a "proceeding." *Capozzi*, 980 F.2d at 874. In fact, the person being penalized "is not even entitled to a pre-assessment hearing." *Id.* (citing *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1434 (9th Cir. 1985), *cert denied*, 474 U.S. 1056 (1986)).

However, Plaintiff argues that the facts of *3M Co.(Minnesota Mining & Mfg.) v. Browner* support Plaintiff's argument that § 2462's statute of limitations applies here. 17 F.3d 1453 (D.C. Cir. 1994); Opp. at 19. In *Browner*, the Environmental Protection Agency ("EPA") filed an administrative complaint seeking civil penalties against 3M. *Id.* at 1455. An EPA administrative law judge rejected 3M's argument that § 2462 applied to the administrative penalties the EPA sought to assess. *Id.* The administrative law judge then assessed penalties against 3M. *Id.* 3M appealed to the District of Columbia Circuit, which held that § 2462 applied to the actions of administrative agencies, and specifically, that the EPA's proceedings to assess penalties against 3M were "proceedings" under § 2462. *Id.* at 1457, 1459.

However, *Browner* is distinguishable from the instant case. Indeed, the *Browner* court characterized the process of assessing EPA penalties as emulating "judicial proceedings" because "a complaint is brought, the defendant answers, motions and affidavits are filed, depositions are

taken, other discovery pursued, a hearing is held, evidence is introduced, findings are rendered and an order assessing a civil penalty is issued." *Id.* Here, the process of assessing § 6701 penalties involves none of the procedures the EPA implements in assessing EPA penalties. As aforementioned, assessing § 6701 penalties is *ex parte*. It does not involve an administrative law judge or any "proceeding" because there is no adversarial component to assessing § 6701 penalties. No complaint is brought, motions or affidavits filed, depositions taken, discovery pursued, hearing held, evidence introduced, or order assessing civil penalties issued. *Id.* Thus, *Browner* is inapplicable to the instant case.

In sum, the statute of limitations under § 2462 does not apply here because the assessment of § 6701 penalties is *ex parte* and not an "action," "suit," or "proceeding" under § 2462.

### B. Whether Congress has Clearly Imposed a Statute of Limitations for Assessment of § 6701 Penalties

Under United States Supreme Court precedents, it is "well settled that the United States is not subject to statutes of limitations in enforcing its rights unless Congress explicitly provides otherwise." *Agbanc, Ltd. v. United States*, 707 F. Supp. 423, 426 (D. Ariz. Nov. 16, 1988) (citing *United States v. Tri-No Enterps., Inc.*, 819 F.2d 154, 158 (7th Cir. 1987)); *United States v. Podell*, 572 F.2d 31, 35 n.7 (2d Cir. 1978)); *see also E.I. Du Pont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924) ("[T]he United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it."); *United States v. Nashville, Chattanooga & St. Louis Ry. Co.*, 118 U.S. 120, 125 (1886) ("[T]he United States, asserting rights vested in them as a sovereign government, are not abound by any statute of limitations unless congress has clearly manifested its intention that they should be so bound."); *United States v. Insley*, 130 U.S. 263, 266 (1889) (same); *Schaefer v. Town of Victor*, 457 F.3d 188, 206 n.23 (2d Cir. 2006) (same); *United States v. Telluride Co.*, 146 F.3d 1241, 1244 (10th Cir. 1998) ("[A]n action on behalf of the United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it."); *United States v. Massachusetts Water Res. Auth.*, 256 F.3d 36, 40 n.3 (1st Cir. 2001) ("[A]n action on

9

behalf of the United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it.").

Indeed, "[w]hen Congress does not clearly specify whether . . . any limitations period applies to a particular provision," courts must presume that "no such limitation was intended." *Capozzi*, 980 F.2d at 875. In fact, when a party contends that a statute of limitations bars an action by the United States, that statute of limitations "must receive a strict construction in favor of the Government." *Badaracco v. C.I.R.*, 464 U.S. 386, 391 (1984).

Here, Congress has not expressly provided a statute of limitations that governs assessment of § 6701 penalties. As shown above, there are myriad United States Supreme Court and Circuit Court decisions which hold that if Congress has not clearly provided a statute of limitations for a statutory provision, no statute of limitations is applicable. *See, e.g.*, *Insley*, 130 U.S. at 266 ("[T]he United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless congress has clearly manifested its intention that they should be so bound."). These courts' holdings apply here to prevent the application of the statute of limitations in § 2462 to the assessment of § 6701 penalties.

Plaintiff cites a plethora of cases that, according to Plaintiff, stand for the proposition that statutes of limitations are important. Opp. at 10-11. *See, e.g.*, *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) ("Statutes of limitation are intended to promote justice . . . ." (internal quotation marks omitted)). However, none of these cases overrule longstanding United States Supreme Court precedents that stress that the United States is not subject to a statute of limitations unless Congress clearly intended that the United States should be subject to a statute of limitations.

Moreover, Plaintiff cites *Bowers v. New York & Albany Lighterage Co.* for the proposition that tax statutes should be interpreted in favor of the taxpayers. 273 U.S. 346, 350 (1927) ("The provision is part of a taxing statute; and such laws are to be interpreted liberally in favor of the taxpayers."). However, the holding in *Bowers* is irrelevant to the instant case. Here, at issue is whether the statute of limitations in § 2462 applies to the assessment of § 6701 penalties. However, § 2462 is not a tax statute, and is not even found within the same Title of the United

10

States Code as the tax code. Thus, the Court's determination of the applicability of § 2462 need not be in favor of taxpayers per *Bowers* because § 2462 is not a tax code provision.

In sum, pursuant to United States Supreme Court precedent, § 2462 does not apply to the assessment of § 6701 penalties because Congress did not clearly specify that the assessment of § 6701 penalties is subject to a statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motion to dismiss paragraph 16 of the complaint, which states that the IRS's assessment of 26 U.S.C. § 6701 penalties on Plaintiff is time barred by the statute of limitations in 28 U.S.C. § 2462.

Amendment would be futile because the Court determined that, as a matter of law, 28 U.S.C. § 2462 does not apply to assessment of 26 U.S.C. § 6701 penalties, so no amount of additional pleading would change the Court's conclusion. Moreover, it would be unduly prejudicial to the government to require that the government continue litigating an issue that fails as a matter of law. Thus, leave to amend is DENIED. *Leadsinger*, 512 F.3d at 532.

**IT IS SO ORDERED.**

Dated: June 20, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

11
Case No. 18-CV-06532-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE